# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## BOWLING GREEN DIVISION

DONNIE R. STEPHENS                                                    PLAINTIFF

v.                                                    CIVIL ACTION NO. 1:17-CV-P64-GNS

KEVIN S. SHEARER                                                      DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Donnie R. Stephens, proceeding *pro se* and *in forma pauperis*, initiated this 42 U.S.C. § 1983 action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, the complaint will be dismissed.

## I. SUMMARY OF CLAIMS

Plaintiff, a convicted inmate, names as Defendant Kevin S. Shearer in his official and individual capacity. He identifies Defendant both as an Assistant Attorney General and as a Commonwealth's Attorney. Plaintiff alleges that Defendant while "acting as counsel of record and in other legal matters . . . made false statements" against Plaintiff to damage him in his court cases. Plaintiff states that Defendant represented that Plaintiff had fondled his son, but, Plaintiff alleges, there are no records of any such offense or conviction. He alleges that Defendant "acted as County Attorney Commonwealth Attorney – Appellate Counsel for the Commonwealth – Assistant Attorney to Attorney General – when making the perjured statements before the Ky. Courts displaying a personal bias towards Plaintiff and taking a personal interest in Plaintiff's cases." As relief, Plaintiff asks for monetary and punitive damages and injunctive relief.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity,

officer, or employee, the trial court must review the complaint and dismiss the action, if the

Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be

granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28

U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either

in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore,

dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where

the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff

has stated a claim upon which relief can be granted, the Court must construe the complaint in a

light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of

Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally

construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid

dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its

face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### A.  *Official-capacity claim for damages*

The claim against Defendant in his official capacity is deemed a claim against the

Commonwealth of Kentucky itself because Defendant is a state employee. *See Kentucky v.

Graham*, 473 U.S. 159, 166 (1985). To state a § 1983 claim, a plaintiff must allege that a

"person" acting under color of state law deprived the plaintiff of a right secured by the

Constitution or federal law. *See* § 1983. States, state agencies, and state officials sued in their

official capacities for money damages are not "persons" subject to suit under § 1983. *Will v.

Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989). Thus, in seeking money damages from

2

Defendant in his official capacity, Plaintiff fails to allege a cognizable claim under § 1983. Moreover, Defendant is immune from damages under the Eleventh Amendment. *See id.* For these reasons, the official-capacity claim against Defendant must be dismissed.

### B. *Individual-capacity claim for damages*

Plaintiff also names Defendant in his individual capacity. In support of his complaint, Plaintiff attaches, among other things, a brief prepared by Defendant as attorney for the Commonwealth of Kentucky in an appeal by Plaintiff of a Russell County Family Court's ruling that Plaintiff could have no contact with his three children. In that brief, the Commonwealth stated that the County Attorney's Office of Russell County, Kentucky, filed a Juvenile Dependency, Neglect and Abuse Petition against Plaintiff after the "County Attorney's office received evidence indicating that [Plaintiff] had raped and fondled seven (7) year old M.S. and fondled five year old B.S."

Plaintiff also attaches a response to a motion for discretionary review prepared by Defendant on behalf of the Commonwealth of Kentucky in the same case. That response also refers to evidence received by the Russell County Attorney's Office that Plaintiff had raped and fondled M.S. and fondled B.S.

The United States Supreme Court has extended absolute immunity to shield prosecuting attorneys who are sued under § 1983 for alleged deprivations of constitutional rights committed in performing their prosecutorial functions. *Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976). The Court noted that those activities "intimately associated with the judicial phase of the criminal process" are functions to which the "reasons for absolute immunity apply with full force." *Id.* at 430. Moreover, "[a]bsolute prosecutorial immunity is not defeated by showing

that the prosecutor acted wrongfully or even maliciously." *Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (internal quotation marks and citation omitted).

Here, Defendant was acting in his role as an advocate in the judicial phase of the criminal process, *i.e.*, presenting the Commonwealth of Kentucky's case on appeal, *see, e.g.*, *Baze v. Office of Atty. Gen.*, No. CIV A 3:08-09-DCR, 2008 WL 920593, at *6 (E.D. Ky. Apr. 3, 2008), when he engaged in the conduct objected to by Plaintiff, and he, therefore, enjoys absolute prosecutorial immunity.

### C.  Injunctive relief

Plaintiff also asks for injunctive relief in the form of "ordering removal and correction of records."  This is not a valid demand for injunctive relief.  Plaintiff already filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this Court arising out of the Russell County Juvenile Dependency, Neglect and Abuse Petition against him.  *Stephens v. Smith*, No. 1:16-CV-P106-GNS.  This Court found that habeas relief was not available to Plaintiff.  The Court's Memorandum Opinion also explained that the subject matter of the Juvenile Dependency, Neglect and Abuse Petition against Plaintiff was domestic relations, which is an area in which federal courts generally have no jurisdiction.  This Court concluded that to award Plaintiff relief would be to entangle this Court in questions of state family law.

Plaintiff's request for injunctive relief in this case essentially requests the same relief he asked for in his § 2241 petition and would likewise require the Court to become entangled in state family law.  *Chevalier v. Estate of Barnhart*, 803 F.3d 789, 794 (6th Cir. 2015)  ("[T]here are sound policy reasons to leave the issuance of . . . child-custody decrees to the state courts[.]").

Moreover, Plaintiff's request for injunctive relief is in essence an attempt to have this Court review his state-court proceedings. This federal court does not sit as a state appellate court and lacks jurisdiction to review the state-court decision. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923). Therefore, Plaintiff's request for injunctive relief must be dismissed for failure to state a claim.

### III. <u>CONCLUSION</u>

For the foregoing reasons, the Court will dismiss the instant action by separate Order.

Date: July 12, 2017

**Greg N. Stivers, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
Defendant
General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4416.009

5